■ CHANNING REUSCHENBERG et al., Respondents, v TOWN OF HUNTINGTON, Appellant. [896 NYS2d 367]—

In an action, inter alia, for specific performance of a stipulation of settlement, the defendant appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), entered January 13, 2009, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against the Town of Huntington for, inter alia, specific performance of a stipulation of settlement. The complaint set forth five causes of action. In an order dated May 28, 2003, the Supreme Court granted those branches of the Town's motion which were to dismiss the third, fourth, and fifth causes action.

The remaining causes of action, i.e., the first and second causes of action, allege, respectively, that the Town breached a stipulation executed by the parties in October 1999 in settlement of their long-standing zoning dispute, and that the Town breached the covenant of good faith and fair dealing implied into that stipulation. The parties' dispute began in the late 1980s, when the plaintiffs commenced an action in an effort to rezone certain real property so they could operate their precast cement business. Over the years, other actions followed, and each one resulted in a judgment favorable to the plaintiffs. Finally, in October 1999 the parties entered into a stipulation settling their dispute. Among other things, the Town agreed

that it would "impose no impediment" to the plaintiffs' application for a special exception permit to operate their business on the subject property. However, there is ample evidence in the record that, despite the stipulation, the Town has continued to frustrate the plaintiffs' efforts. For example, following execution of the stipulation, the plaintiffs submitted an application for a special use permit to the Town's Zoning Board of Appeals (hereinafter the ZBA). The ZBA struck the application from its calendar on the "advice of counsel," who also was the Town's counsel, for the stated reason that the matter already had been "resolved by stipulation" between the parties. Furthermore, in September 2001 the Town resolved to take the plaintiffs' property by eminent domain.

A party moving for summary judgment bears the initial burden of establishing his or her entitlement to judgment as a matter of law (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Where a party fails to do so, summary judgment cannot be awarded to the moving party regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Under the circumstances presented here, the Town failed to meet its burden of demonstrating its prima facie entitlement to judgment as a matter of law dismissing the first and second causes of action.

Accordingly, the Supreme Court properly denied the Town's motion for summary judgment. Covello, J.P., Santucci, Miller and Eng, JJ., concur. **[Prior Case History: 2008 NY Slip Op 33560(U).]**